## DALY v. QUINLAN.

(District Court, E. D. New York. July 7, 1904.)

1. NAVIGABLE WATERS—DOCKS—PROJECTING ROCKS—DAMAGES TO VESSELS—NEGLIGENCE.

    Where the owner of a dock failed for two years after dredging the space along the dock to examine the same for obstructions, or to use reasonable care to provide and maintain a safe bottom for boats coming to the dock, though he was notified of a pointed rock lying in such bottom, and rising some 18 inches above the bed of the sea, he was guilty of negligence rendering him liable for injuries to a vessel caused by her settling on such rock with the falling of the tide.

Carpenter, Park & Symmers, for libelant.
Martin A. Ryan, for respondent.

THOMAS, District Judge. This action is to recover damages for injuries to libelant's boat caused by a rock adjacent to respondent's dock, upon which the vessel settled with the falling tide. Although the boat was old, and it would not have been prudent to allow her to rest on a hard bottom, yet a pointed rock, rising some 18 inches above the bed of the sea, caused the injury. It is not expectable that a vessel, old or new, should meet with such rock. About two years before this, Quinlan, the owner, had caused the space along the dock to be dredged. After that had been done, one of the dredgers, in reply to Quinlan's inquiry, took measurements, and said, "I guess you have got 10 feet all along here—10½." Quinlan said, "Are you sure?" He said, "Yes." From that time forward for two years no inspection of the bottom was made, although the respondent's foreman was notified the year before the accident that there was a rock about 24 feet off the bulkhead. Thereupon the foreman ascertained the presence of such rock, and reported to Quinlan. There is evidence that during the two years after the dredging the libelant's boat, on a single occasion, and other boats drawing as much or more than libelant's boat, had been to the dock without injury, and even that they rested on the bottom without injury. It was the duty of the respondent to use reasonable care

¶ 1. See Wharves, vol. 48, Cent. Dig. § 37.

to provide a safe bottom for boats coming to his dock, and to use the same care to maintain the bottom in proper condition. There is not the slightest evidence of any inspection or care in the matter of maintaining the bottom in good condition. It seems to have been the idea of the respondent that he could wait until boats lying at or approaching his dock met with obstruction, before taking any steps to find or to remove the same. This is not the care contemplated by law. It was his duty to use ordinary care to anticipate injury, and to keep the space about his dock under surveillance, for he knew that the bed was liable to change under the action of the water. He showed no vigilance, but awaited events. Such conduct, observed through two years, does not show proper care.

The libelant should have a decree.